JOHN C. SPENCER, Respondent, v. FARMER'S MUTUAL INSURANCE COMPANY, etc., Appellant.

St. Louis Court of Appeals, February 21, 1899.

Instruction: PRACTICE, TRIAL. In the case at bar, an instruction was asked by defendant which was more in the nature of a charge to the jury, than an instruction; held that it was properly refused by the trial court, and where there is no reversible error in the record the judgment will be upheld.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

WILLIAM B. SKINNER and HENRY BRUMBACK for respondent.

Defendant misconceives plaintiff's pleading, and hence error in her argument. She says, page 3, "plaintiff asserted that his property was accidentally burned." He does not say

accidentally but only says that it was "destroyed and consumed by fire." He contends that he does not need to have pleaded that it was by accident; but if he did, defendant should have demurred, and the petition is at least good after verdict, and is moreover cured by defendant's affirmative plea that it was purposely and negligently burned. Bank v. Leyser, 116 Mo. loc. cit. 73. The evidence sustained the issues in favor of plaintiff. The instructions fairly submitted the issues, and the verdict is for the proper party. Defendant made the contract and admitted it; the property was burned, and defendant admitted it; plaintiff proved the amount of his damage, though it was not by defendant denied, and it was not really in issue; defendant pleaded (or rather attempted to) that the contract was fraudulently obtained, and offered no evidence on the point; defendant pleaded that the fire was intentional and plaintiff negligent, and offered evidence supposed to tend to sustain the plea, and plaintiff put in evidence showing that it was an accident, and the question was fairly submitted to the jury. Such verdict will not be disturbed. Norton v. Paxton, 110 Mo. 456.

W. CLOUD and JOSEPH FRENCH for appellant.

The burden of proof means the burden of establishing the case. McCartney v. Ins. Co., 45 Mo. App. 373. The burden of proving a fact is on the party who asserts the affirmative of the issue. And in this case the plaintiff asserted that his property was accidentally burned, and that it was of the value named in application. Glover v. Henderson, 120 Mo. 367. In this case the knowledge of the origin of the fire, how it occurred, and the value of the property, was solely within the knowledge of the plaintiff. And the rule is that where the facts are peculiarly within the knowledge of a party such party ought to be required to show them. Frame v. Sovereign Camp, 67 Mo. App. 127; 1 Greenleaf [13 Ed.], secs. 74-79. The burden of proof should be fixed

by the pleadings. In this case the plaintiff alleged that his property had been accidentally burned. (This being the only burning insured against.) And the defendant denied such burning, and also denied the goods burned being of the value named in the application or in the policy. See Bunker v. Hibler, 49 Mo. App. 536. No new matter was set up in the defense of this case, but simply a denial of the allegations of plaintiff's petition. This action arose upon a contract between the plaintiff and the defendant, wherein the plaintiff, for certain consideration, was insured against fire and lightning by accident. And it was as much the business of plaintiff to show the manner of the fire, and that it was by accident, as it was to show that there was a fire at all. Siebert v. Chosen Friends, 23 Mo. App. 268.

BLAND, P. J.—Defendant is a mutual fire insurance company organized under the provisions of section 5909, Revised Statutes 1889. The petition declared that plaintiff was a member of said company, and that on November 11, 1895, the defendant for a valid consideration insured his property against loss by fire for a period of five years as follows: $200 on his frame dwelling house; $100 on one frame "L." thereto; and $200 on the contents of said building; that on the thirty-first day of July, 1897, while the contract of insurance was in force, all of said property was wholly destroyed by fire, "to the loss and damage of this plaintiff in the sum of seven hundred and fifty dollars and more, to wit, to the loss and damage of plaintiff on the said frame dwelling house three hundred dollars, and more, on the said "L." thereto one hundred dollars and more, and on the contents of said buildings three hundred dollars and more; that plaintiff has in all things complied with his part of the said contract of insurance, but defendant has refused to pay said loss, though often requested, wherefore. * * *

The answer is as follows: "Defendant's answer admitted

that plaintiff had, upon a written application, become a member of said company, and that it had issued a certificate of membership to plaintiff, upon the representation of plaintiff that he was the owner of the property mentioned in the application, and that it was of the character and value represented in his application, and upon the conditions contained in the constitution and by-laws of said company. And his written application, a copy of said written application, and constitution of said company, was made a part of said answer. And defendant alleged that plaintiff was not the owner of the property as represented, and that it was not the character of property described in the application and that it was not of the value therein represented; and that the loss did not occur by accident, but that it was caused and permitted by the plaintiff's gross negligence, for the purpose of recovering the amount claimed, and denied all other allegations in plaintiff's petition."

Plaintiff's replication was a general denial of all new matter in the answer. Trial was had by a jury, which resulted in a verdict and judgment for plaintiff, from which this appeal was taken.

The evidence introduced on the part of plaintiff tended to prove that the origin of the fire by which his house and its contents were destroyed, was accidental, and not occasioned by his negligence. He also introduced evidence of the value of his house at the time of the fire, and of the quantity, quality and value of its contents which were consumed. Defendant's evidence tended to prove that the fire was occasioned by the gross negligence of the plaintiff. The court gave the following instructions for plaintiff, to which defendant excepted on the trial, and the giving of which it assigns as error, to wit:

"1. The court instructs you that the defendant admits that it made the contract of insurance which is sued upon, and that the buildings insured were wholly, and the

contents of the buildings were partly, destroyed by fire, and under the pleadings you must find for the plaintiff, unless you believe from the evidence that the plaintiff purposely permitted his said property to burn up, or else that he did not use such reasonable efforts to put out or to prevent the fire as a man of ordinary prudence would have used under all the circumstances."

"2. The court instructs you that in this case the defendant admits that it issued and made the policy sued upon and that the buildings insured were wholly, and the contents partly, destroyed by fire, as claimed by the plaintiff, and the defendant sets up for defense that plaintiff purposely or negligently permitted the property to be burned, and also that the property was of less value than named in the policy; and you are instructed that the burden lies upon the defendant to prove by a preponderance of evidence such defense before you can find for the defendant on account thereof."

I. Appellant contends that instruction number 1 incorrectly states the admissions made by the answer. There is no direct admission of the issuance of the policy sued on, but its issuance and existence as a live policy when the fire occurred, is not denied, and it is specifically admitted that plaintiff was a member of the company and held a certificate of membership. This is tantamount to an admission of the issuance of a policy, as plaintiff could not be a member of the company without at the same time being a policy holder therein, since such companies are composed solely of policy holders. The petition avers a total destruction of the dwelling and a total destruction of a part of its contents; this averment is not denied by the answer, but it is inferentially admitted by the averment in the answer, that plaintiff's loss was caused and permitted by the plaintiff's gross negligence. The admissions named in the instruction are derived from the pleadings, and it is correct.

II.  . Appellant complains of the second instruction, because it told the jury the burden was on defendant to prove by a preponderance of the evidence that the property was purposely or negligently burned, and that the property was of less value than named in the policy.   The petition alleged a total loss by fire, but it did not allege the origin of the fire. The answer alleged the loss was caused purposely, or by the gross negligence of the plaintiff.   The loss by fire was not denied; that fact stood admitted, and it was not incumbent on plaintiff to negative the affirmative defense of a willful setting of the fire or negligently permitting it.   From the mere fact that the property burned, an inference can not be drawn that plaintiff set his house on fire, to indulge such a presumption would be to presume the plaintiff guilty of arson; the presumption is to the contrary, that is, that the plaintiff acted lawfully.   Payne v. Railroad, 129 Mo.

PRESUMPTION.     405; nor can the existence of negligence be inferred from the mere fact of the destruction of the property by fire.   Yarnell v. Railroad, 113 Mo. loc. cit. 570, and cases cited.   The defense was an affirmative one put in issue by the reply, and the burden was on the defendant to establish it by a preponderance of the evidence.   The paragraph of the instruction which told the jury that the burden was on the defendant to prove that the property was of less value than that named in the policy, refers to the defense of a fraudulent valuation of the property by plaintiff when he procured the policy, and was favorable to the defense.   The third instruction correctly directed the jury as to the measure of plaintiff's damages should they find for him, and the instructions given for defendant fairly and fully instructed the jury on the defenses set up in the answer. Number 9 asked by defendant and refused by the court is more in the nature of a charge to the jury than an instruction, and was therefore properly refused.   Perceiving no reversible error in the record, the judgment is affirmed.   All concur.